UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIGOBERTO MORONES-MARTINEZ,

                        Petitioner,

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, TODD BLANCHE,
Acting U.S. Attorney General, MARKWAYNE
MULLIN, Secretary of the U.S. Department of Homeland
Security, and EXECUTIVE OFFICE OF IMMIGRATION REVIEW,[1]

                        Respondents.
_____/

Case No. 26-cv-10986
Honorable Linda V. Parker

## <u>OPINION AND ORDER DENYING RESPONDENTS' MOTION TO DISMISS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

### <u>Background</u>

Petitioner, a citizen of Mexico, has been living in the United States for more than twenty years.  He is the primary caretaker for his family, has two children who are U.S. citizens, works multiple jobs in the construction industry, and has developed deep and significant ties to his local community.  He has no criminal

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court is sua sponte amending the case caption to reflect the current Acting U.S. Attorney General. Pamela Bondi, who was U.S. Attorney General when Petitioner initiated this action has been succeeded by the individual identified above.

history, with the exception of a pending first-time misdemeanor charge for driving without a valid license. That offense, which arose when he was stopped by the Livonia Police Department on January 11, 2026, led to Petitioner's detention in Immigration and Customs Enforcement ("ICE") custody. He has been detained in ICE custody without a bond hearing.

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241, contending that his continued detention without an individualized bond hearing is unlawful. (ECF No. 1.) Respondents filed a motion to dismiss or to transfer venue because Petitioner is currently detained in the Western District of Michigan. (ECF No. 4.) Respondent also filed a Response to the petition, contending that Petitioner's detention is lawful. (ECF No. 3.)

## Legal Standard

A district court may issue a writ of habeas corpus to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2243, the court, when evaluating an application for the writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

2

Under 28 U.S.C. §§ 1406(a) and 1631, if a district court lacks jurisdiction over a matter, it may dismiss the case or transfer it to a district where jurisdiction would be proper. A district court's decision to dismiss or transfer a matter under either statute is reviewed for an abuse of discretion. *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

## Analysis

### Jurisdiction

The Court must first address Respondents' challenge to this Court's jurisdiction over the petition. Respondents maintain that, under *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the only proper respondent is the warden of the facility where Petitioner is detained, and jurisdiction for this case is only proper in the Western District of Michigan where the facility is located.

In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the Sixth Circuit held that "a detained alien filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his affairs," which *Roman* determined is "the INS District Director for the district where he is being detained." *Id.* at 320-322. ICE maintains multiple regional field offices to oversee the day-to-day operations of its enforcement and detention apparatus. *See* https://perma.cc/6EPY-QUKB. The Detroit Field Office is responsible for

3

enforcement operations and detention throughout Michigan—i.e., in the Eastern *and* Western Districts. *See id.*

Respondents argue that *Padilla*, rather than *Roman*, controls here. This Court disagrees for the reasons already stated by several other judges in this District. *See, e.g., Velasco-Sanchez v. Raycraft*, No. 25-cv-13730, 2025 WL 3553672, at *2 (E.D. Mich. Dec. 11, 2025) (McMillion, J.) (citing *Romero Garcia v. Raycraft*, No. 25-cv-13407, 2025 WL 3252286, at *3, *5 (E.D. Mich. Nov. 21, 2025) (Behm, J.)); *Amaya v. Raycraft*, No. 25-cv-13539, 2025 WL 3530273, at *3-4 (E.D. Mich. Dec. 9, 2025) (Levy, J.) (citing *Kadagan v. Raycraft*, No. 25-cv-13602, 2025 WL 3268895, at *2 (E.D. Mich. Nov. 24, 2025) (Behm, J.); *Hango v. McAleenan*, No. 1:19-cv-606, 2019 WL 6695829, at *2 (N.D. Ohio Dec. 9, 2019) (Lioi, J.)). Thus, Respondents' jurisdictional challenge is rejected, and the Court is denying their motion to dismiss or to transfer venue.

### The Merits

Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), and, therefore, is not entitled to a bond hearing. The Sixth Circuit Court of Appeals rejected Respondents' construction of the law in a decision issued on May 11, 2026: *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891. In *Lopez-Campos*, the Sixth Circuit joined the Second and Eleventh Circuits in holding that noncitizens like Petitioner are entitled to an individualized bond

hearing and that their detention without such a hearing violates their Fifth Amendment due process rights.  *See id.* at *3.  In reliance on the Sixth Circuit's holding, and for the reasons set forth in its decision, the Court is granting Petitioner's request for habeas relief.

Accordingly,

**IT IS ORDERED** that Respondents' motion to dismiss or transfer venue (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of this Opinion and Order with notice to Petitioner as soon as practicable but not less than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

**IT IS FURTHER ORDERED** that, within ten (10) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of any bond hearing.  The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

**IT IS FURTHER ORDERED** that the Clerk's Office shall amend the case caption in accordance with Federal Rule of Civil Procedure 25(d), as set forth at n.1.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 12, 2026